Hall, Judge.
 

 This suit was commenced in the County Court, and after a judgment rendered therein against the Defendant, he appealed to the Superior Court, and after a verdict against him in that Court, the judgment is attempted to be arrested, because the original writ was not signed by the Clerk of the County Court.
 

 Had tiiis defect been pointed out by plea in abatement, it must have been held fatal, and the suit must have shared the fate of that of
 
 Shepherd
 
 v.
 
 Lane. [Ante
 
 148.) But the Defendant has not thought proper to avail himself of this defect in the writ, at an early stage of the
 
 *364
 
 proceedings j and now it is foo late, and justice as well as law requires, that it should be so considered. The Defendant has pleaded to the merits of the suit in the County Court, and after incurring the costs of a trial there, has done the same thing in the Superior Court, and then for the first time, objects to the validity of the writ.
 
 (Caswall
 
 v.
 
 Martin, Str. 1072
 
 —Anonymous 1
 
 Hay. 405.) Dudley v. Carmolt,
 
 (1
 
 Mur.
 
 339,) is an authority in point. In that case, the Court would not arrest the judgment
 
 after verdict,
 
 because the writ was tested by the Clerk, and signed by the deputy. Clerk.
 
 It
 
 was held, (hat the
 
 Statute
 
 5,
 
 Geo. I. c.
 
 13, was in force, which cures such defects in writs after verdict.
 
 (Bac. Ab. Amendment
 
 &
 
 Jeofail,
 
 152.)
 

 June, 1830.
 

 Per Curiam. — Let the judgment of the Court below be affirmed.